UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDY RIVERA,

        Plaintiff,

   v.

ROBERT GATES, et al.,

        Defendants.

Case No. C09-5355 RJB

ORDER ON FEDERAL DEFENDANTS' MOTION FOR ORDER COMPELLING DISCOVERY

This matter comes before the court on the defendant's Motion for Order Compelling Discovery (Dkt. 18). The court has considered the relevant pleadings and the file herein.

### PROCEDURAL AND FACTUAL BACKGROUND

On June 15, 2009, the plaintiff Wendy Rivera filed a complaint (Dkt. 1). The only remaining claims in this case are claims for violations of Title VII of the Civil Rights Act of 1964 against defendant Pete Geren in his official capacity as the Secretary of the Army. *See* Dkt. 12.

On October 14, 2009, the defendant served the plaintiff with his first set of interrogatories and requests for production of documents. Dkt. 19; Dkt. 19-2. The defendant contends that the plaintiff has not answered the discovery requests, and that counsel for the defendant has conferred with counsel for the plaintiff on several occasions but to no avail. Dkt. 19. The defendant now moves to compel the plaintiff to fully respond to the defendant's first set of interrogatories and requests for production of documents. Dkt. 18. The plaintiff's response to the motion should have been filed by January 25, 2010, (*see* CR

ORDER
Page - 1

7(d)(3)), but the plaintiff has not responded.

## STANDARD

Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. V. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). District courts have broad discretion in determining relevancy for discovery purposes. *Id.* (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

If a requested disclosure is not made, the requesting party may move for an order compelling such disclosure. Fed.R.Civ.P. 37(a)(1). The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting objections. *Cable & Computer Tech., Inc. V. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention. To this end, before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain discovery without court action. Fed.R.Civ.P. 37(a)(1). Such good faith effort to confer "requires a face-to-face meeting or a telephone conference." CR 37(a)(1)(A). If the court finds that the counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may sanction the party. *Id.* Further, a party's failure to file papers in opposition to a motion to compel discovery may be considered by the court as an admission that the motion has merit. CR 7(b)(2).

## DISCUSSION

Pursuant to CR 7(b)(2), the plaintiff's failure to respond to the defendant's Motion For Order Compelling Discovery (Dkt. 18) should be considered an admission that the motion has merit. Accordingly, the defendant's motion should be granted and the plaintiff should fully respond to the defendant's first set of interrogatories and requests for production of documents.

Therefore, it is hereby **ORDERED** that the defendant's Motion For Order Compelling Discovery (Dkt. 18) is **GRANTED**. Plaintiff shall provide responses to the defendant's first set of interrogatories

| | |
|---|---|
| 1 | and requests for production of documents forthwith and no later than February 15, 2010. |
| 2 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any |
| 3 | party appearing *pro se* at said party's last known address. |
| 4 | DATED this 8th day of February, 2010. |

<br>

Robert J Bryan
United States District Judge